FILED - CLERK
U.S. DISTRICT COURT
2005 APR 29 PM 4: 06
TX EASTERN-BEAUMONT
BY _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHN WISE WARREN | § | |
| VS. | § | CIVIL ACTION NO. 1:05cv270 |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM OPINION

Movant John Wise Warren, an inmate confined in Federal Correctional Complex in Yazoo City, Mississippi, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

### Factual Background and Procedural History

On June 19, 1998, following a jury trial, movant was convicted of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 and 846, and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). On September 3, 1998, a judgment was entered sentencing movant to concurrent terms of 360 months confinement. Movant appealed his convictions and sentence to the Fifth Circuit Court of Appeals. On March 16, 2000, the judgment of the district court was affirmed. *United States v. Warren*, No. 98-41077 (5th Cir. 1995) (unpublished).

Movant has previously filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Movant's motion to vacate was dismissed. *Warren v. United States*, Civil Action No. 1:01cv434 (E.D. Tex. Oct. 18, 2001). Movant appealed the

dismissal of his motion to vacate sentence. On October 14, 2003, the appeal was dismissed. *Warren v. United States*, No. 03-41324 (5th Cir. Oct. 14, 2003) (unpublished).

## Analysis

The Antiterrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 1996, amended 28 U.S.C. § 2255 by imposing requirements for bringing successive motions. As amended, Section 2255 prohibits consideration of a second or successive motion unless the motion is certified by the appropriate court of appeals to contain either: (1) newly discovered evidence sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable. 28 U.S.C. § 2255.

Here, movant is barred from proceeding without first receiving permission from the Fifth Circuit. As movant has not received permission to file a successive motion to vacate sentence, his current filing must be dismissed. The dismissal of this action is without prejudice to movant's ability to file a motion to vacate sentence after obtaining permission from the Fifth Circuit Court of Appeals.

Further, the AEDPA also imposed a one-year statute of limitations for the filing of a motion to vacate sentence. Title

28 U.S.C. § 2255, as amended, provides in pertinent part the following:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
>   (1) the date on which the judgment of conviction becomes final;
>
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the fact supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A prisoner filing a motion to vacate sentence, after the effective date of the AEDPA, but attacking a conviction which became final prior to effective date of the Act, must be accorded a reasonable time within which to file the motion. *United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998). AEDPA's one-year limitation period is a reasonable amount of time. *Id.*

Subparagraph C provides that the one-year period commences from the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review. See Subparagraph (C) of § 2255. Movant relies on *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005) and *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531 (2004). While the Supreme Court recently extended

3

*Blakely* to the U.S. Sentencing Guidelines, it has not yet addressed whether it should be made retroactively applicable to cases on collateral review. *See Booker*, --- U.S. ----, 125 S.Ct. 738, --- L.Ed.2d----, 2005 WL 50108, at *23 (2005)(extending holding in *Booker* to cases on direct review). Further, the circuit courts of appeals that have addressed this issue have found that *Booker* does not apply to cases on collateral review. *See Green v. United States*, 397 F.3d 101, 102-03 (2nd Cir.2005) (holding that the Supreme Court has not made *Booker* retroactively applicable to cases on collateral review); *In re Anderson*, 396 F.3d 1336, 1338-40 (11th Cir. 2005) (finding that the Supreme Court has not expressly declared *Booker* to be retroactively applicable to cases on collateral review); *McReynolds v. United States*, 397 F.3d 479, 480-81 (7th Cir.2005) (holding that "*Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005). Therefore, subparagraph C is presently inapplicable to this case and the court will calculate the one-year statute of limitations from the date Movant's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A).

Movant's conviction became final in 1998. Thus, the one-year limitations period expired in 1999. Movant did not file this § 2255 motion until March 31, 2005, more than five years after the

4

expiration of the one-year period.[1] Therefore, Movant's § 2255 motion is clearly untimely.

### Conclusion

For the reasons set forth above, this motion to vacate, set aside or correct sentence will be dismissed. A Final Judgment shall be entered in accordance with this Memorandum Opinion.

SIGNED this 29th day of April, 2005.

_____
HOWELL COBB
UNITED STATES DISTRICT JUDGE

---

[1] For purposes of this memorandum, the Motion is deemed filed on the date Movant signed the same and presumably placed it in the prison mail. *See United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing)).